FILED _____   RECEIVED _____
ENTERED _____   SERVED ON _____
COUNSEL/PARTIES OF RECORD

AUG 2 5 2022

CLERK US DISTRICT COURT
DISTRICT OF NEVADA

BY: _____   DEPUTY

**CHRISTENSEN JAMES & MARTIN**
Wesley J. Smith, Esq. (11871)
Dylan J. Lawter, Esq. (15947)
7440 W. Sahara Avenue
Las Vegas, Nevada 89117
Telephone: (702) 255-1718
Facsimile: (702) 255-0871
Email: wes@cjmlv.com, djl@cjmlv.com
*Attorneys for Plaintiff Board of Trustees of the*
*Southern Nevada Glaziers and Fabricators*
*Pension Trust Fund*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| BOARD OF TRUSTEES OF THE SOUTHERN NEVADA GLAZIERS AND FABRICATORS PENSION TRUST FUND, <br><br> Plaintiff, <br><br> vs. <br><br> LIMITED EDITION GLASS INC., a California corporation; RICHARD BRYAN SCOTT, an individual, <br><br> Defendants. | CASE NO.: 2:22-cv-01391-CDS-VCF <br><br> **STIPULATION AND CONSENT FOR ENTRY OF JUDGMENT BY CONFESSION** <br><br> **2:22-ms-00045** |

The Plaintiff, the Board of Trustees of the Southern Nevada Glaziers and Fabricators Pension Trust Fund ("Plaintiff" or "Trust"), acting by and through its attorneys, Christensen James & Martin, and the Defendants Limited Edition Glass Inc. ("LEG") and Richard Bryan Scott ("Scott") (LEG and Scott collectively referred to herein as "Defendants") (Plaintiff and Defendants collectively referred to herein as the "Parties"), hereby Stipulate and Agree as follows:

1.      This Stipulation and Consent for Entry of Judgment by Confession ("Stipulation") is entered into by and between the Plaintiff and Defendants to settle and conclude certain amounts owed for fringe benefit contributions, liquidated damages, interest and attorney's fees owed to the Plaintiff by Defendants as a third-party beneficiary of a certain

written collective bargaining agreement ("Labor Agreement") between Limited Edition Glass Inc. and IUPAT District Council 36, Glaziers Union Local No. 636 ("Union").

2. A Judgment by Confession shall be entered in favor of the Plaintiff and against Defendants for the sum of Thirty-Four Thousand Three Hundred Fifteen and 59/100 Dollars ($34,315.59) ("Judgment Amount"), which sum includes all pre-judgment damages owed to the Trust, including all delinquent contributions, interest, liquidated damages and attorney's fees for covered work performed during the period February 1, 2021 through November 30, 2021 ("Delinquency Period"), with interest calculated through February 28, 2022.

3. Interest shall accrue on the Judgment Amount at the rate of five percent (5%) per annum.

4. Defendants stipulate that this Court has jurisdiction to enter this Stipulation and the Judgment pursuant to Section 502(e)(1) of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1132(e)(1), which grants the United States District Court exclusive jurisdiction over civil actions brought by a fiduciary pursuant to Section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3), to redress violations or enforce the terms of ERISA or an employee benefit plan governed by ERISA. Such jurisdiction exists without respect to the amount in controversy or the citizenship of the parties, as provided in Section 502(f) of ERISA, 29 U.S.C. § 1132(f). Additionally, venue is proper in this Court pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), in that this is the district in which the Plaintiff is administered.

5. Scott, individually and as principal, owner, and/or officer of LEG, has knowledge of the Judgment Amount and has agreed to be personally liable for the Judgment Amount and for compliance with the terms and conditions as set forth herein.

6. The Judgment Amount shall be paid by Defendants to the Plaintiff pursuant to the Labor Agreement and written Trust Agreement governing the Trust.

CHRISTENSEN JAMES & MARTIN
7440 WEST SAHARA AVE., LAS VEGAS, NEVADA 89117
PH: (702) 255-1718 § FAX: (702) 255-0871

7.     The Judgment Amount, including interest on the declining Judgment balance and any after-accruing amounts, shall be paid by Defendants through six (6) monthly installments ("Settlement Payments"), due on or before the first (1st) day of each month, as follows:

      a.   Payments One (1) through (5) shall be remitted to the Trust in the amount of $5,399.32 each, commencing on or before April 1, 2022, and on the first (1st) day of each month thereafter; and

      b.   Payment Six (6) shall be remitted to the Trust Fund in the amount of $5,376.91 on or before September 1, 2022.

A detailed payment and amortization schedule setting forth the Settlement Payments to be made is attached hereto as **Exhibit 1**. Subject only to the Defendants' right to cure under Paragraph 11, the final payment of all unpaid portions of the Judgment Amount, in the scheduled amount of $5,376.91 (which includes interest scheduled to accrue), shall be increased to include any late fees and after-accruing attorney's fees incurred by Plaintiff relating to this Judgment for collection of the amounts referenced herein as a result of any Default by the Defendants, and shall be paid by the Defendants to Plaintiff on or before September 1, 2022.

8.     The Settlement Payments shall be made payable to "Southern Nevada Glaziers and Fabricators Pension Trust Fund" and shall be remitted to Plaintiff's attorney, Christensen James & Martin, at 7440 W. Sahara Ave., Las Vegas, NV 89117, or at such other location as the Defendants are notified in writing. Should any of Defendants' payments be returned for insufficient funds, all subsequent payments shall be made using cashier's checks or money orders. The Defendants shall have the right at any time to prepay the entire balance owed, or any portion thereof, without incurring a prepayment penalty.

9.     In addition to paying the Judgment Amount as required by the foregoing terms, the Defendants shall timely submit monthly reports and pay all contributions that fall due to the

CHRISTENSEN JAMES & MARTIN
7440 WEST SAHARA AVE., LAS VEGAS, NEVADA 89117
PH: (702) 255-1718 § FAX: (702) 255-0871

Plaintiff while any portion of the Judgment Amount remains unpaid (i.e., for hours worked by Defendants' covered employees while the Judgment Amount is being paid) ("Stay Current Obligation"). The Defendants shall remit a monthly report to the Trust listing hours worked by their covered employees and shall submit a check to the Trust to pay contributions owed for such hours. The reports and payments shall be delivered to the Trust's Administrator, BeneSys, or its designee(s) as required by the Labor Agreement and Trust Agreement. A default of this paragraph is a default of this entire Agreement and permits the Plaintiff to file this Stipulation and the Judgment.

10.     Upon Plaintiff's timely receipt and negotiation of the payments set forth in Paragraph 7 (Settlement Payments) and Paragraph 9 (Stay Current Obligation), the amount of Two Thousand Three Hundred Eighty-Six and 92/100 Dollars ($2,386.92) shall be waived ("Conditional Waiver"). Upon Defendants' failure to timely remit any of the Settlement Payments or timely comply with the Stay Current Obligation, the Conditional Waiver shall be deemed revoked and the Defendants shall be obligated to pay the Conditional Waiver to the Trust, subject only to the Defendants' right to cure set forth herein.

11.     Should the Defendants fail to satisfy any of the conditions in this Stipulation, a written Notice of Default shall immediately be delivered to: Limited Edition Glass Inc., Attn: Richard Bryan Scott, 42066 Avenida Alvarado, Suite M, Temecula, CA 92590. Each such Notice required to be sent shall result in an automatic late fee and collection charge of One Hundred Fifty Dollars ($150.00) ("Late Fee"), which will be applied as an offset against any attorney's fees and costs incurred as a result of the Default, to be paid in addition to any report, payment or financial statement that Defendants have failed to remit, and Defendants shall pay the late fee and collection charge immediately with the report(s), cure payment(s) and/or financial statement(s) required. The Notice shall grant Defendants ten (10) days to cure the Default by remitting the required item(s). If the Defendants thereafter fail to cure the Default within ten (10) days of the date of such Notice, then:

CHRISTENSEN JAMES & MARTIN
7440 WEST SAHARA AVE, LAS VEGAS, NEVADA 89117
PH: (702) 255-1718 § FAX: (702) 255-0871

a. The Conditional Waiver will be revoked;

b. The following amounts shall immediately become due and owing to the Trust by Defendants: (i) the Judgment Amount, which includes the Conditional Waiver, less any Settlement Payments made by the Defendants or any other party and received by the Plaintiffs; (ii) all interest accrued on the Judgment Amount from the date of execution of this Stipulation through the date of default at the rate of five percent (5%) per annum, which shall be added to the Judgment Amount; and (iii) all reasonable attorney's fees and costs incurred by the Plaintiff to collect the amounts owed under this Stipulation and Judgment, including any Late Fee, which shall be added to the Judgment Amount;

c. Plaintiff shall have the unconditional and immediate right to file this Stipulation and the Judgment with the Court and for entry of Judgment by the Court for all amounts set forth in Paragraph 11(b) above and to execute upon the Judgment for whatever amount then remains due and owing, including after-accruing interest, attorney's fees and costs, without further notice to the Defendants or Order from the Court;

d. Plaintiff shall be entitled to pursue any surety bonds for whatever amount then remains due and owing; and

e. Interest on any unpaid Judgment Amount balance shall accrue at the rate of five percent (5%) from the default date until paid in full.

12.     This Stipulation and the Judgment resolve claims related to the Judgment Amount and Delinquency Period only and Plaintiff and Defendants expressly reserve all rights, privileges and claims unrelated to the Judgment Amount and/or Delinquency Period, claims related to withdrawal liability pursuant to 29 U.S.C. § 1381 *et seq.*, and any additional claims discovered by audit for any period.

13.     The Parties hereby expressly acknowledge and agree that the Judgment Amount

CHRISTENSEN JAMES & MARTIN
7440 WEST SAHARA AVE., LAS VEGAS, NEVADA 89117
PH: (702) 255-1718 § FAX: (702) 255-0871

and all payments required herein, or the applicable portions thereof, retain their characteristic as contributions to an employee benefit plan and that by entering into the payment arrangement set forth herein, the Plaintiff has extended credit to Defendants in accordance with Department of Labor Class Prohibited Transaction Exemption 76-1, and as such, the Judgment Amount is a loan of plan assets to the Defendants, and Defendants have a fiduciary responsibility to hold such funds in trust and timely remit payments as set forth herein, and the failure of the Defendants to remit such payments in a timely manner constitutes a breach of fiduciary duty actionable by the Plaintiff, subject only to the Default and Notice provisions set forth herein.

14.  Whereas the Plaintiff has extended credit to Defendants, each of the Defendants agrees to furnish the Plaintiff, upon demand, but no more than twice annually, so long as any part of the Judgment Amount remains unpaid, a current financial statement setting forth in reasonable detail the assets and liabilities of each of the Defendants.

15.  This Stipulation and the Judgment shall be considered one instrument and shall become binding when signed. Signatures to the Stipulation and Judgment as provided via facsimile or scanned document shall be valid and shall be deemed the equivalent of original signatures.

16.  Defendants shall forthwith execute, have notarized, and submit this Stipulation and the Judgment to Plaintiff's attorney on or before March 31, 2022.

17.  Filing of and execution on this Stipulation and the Judgment shall be stayed through September 1, 2022, provided that payment in full is made by the Defendants in accordance with the terms set forth herein.

18.  Upon Plaintiff's receipt and negotiation of the payments described herein, Defendants' obligations under this Stipulation and the Judgment will have been satisfied and, upon receipt of a request therefor, Plaintiff shall deliver to the Defendants a written Release and Satisfaction of Claims.   Plaintiff's Release and Satisfaction of Claims in favor of the Defendants shall not be executed nor delivered until all of Defendants' obligations under this

Judgment have been fully performed.

19.     Defendants have consulted an attorney of their choice and fully understand the obligations and consequences of this Stipulation and the Judgment.

20.     This Stipulation and the Judgment constitute the entire agreement between the Parties and shall supersede any and all prior oral and/or written representations, negotiations, understandings, and agreements concerning the matters set forth herein.

21.     This Stipulation incorporates by this reference herein the Judgment, as though fully set forth herein.

CHRISTENSEN JAMES & MARTIN

By: _____

Dylan J. Lawter, Esq.
*Attorneys for Plaintiff Board of Trustees of*
*the Southern Nevada Glaziers and*
*Fabricators Pension Trust Fund*

Date: ___April 4___, 2022.


LIMITED EDITION GLASS INC.

By: _____
    Darrin Craner

Its: __Owner_____

Date: ___3 / 11_____, 2022.


RICHARD BRYAN SCOTT

By: _____

Date: __3/11/22 BS____, 2022.

7440 WEST SAHARA AVE., LAS VEGAS, NEVADA 89117
Ph:(702) 255-1718  §  Fax: (702) 255-0871

-7-

# EXHIBIT 1

## PAYMENT PLAN AMORTIZATION SCHEDULE

| TRUSTS: | So. Nevada Glaziers and Fabricators Pension Trust Fund |
|---|---|
| EMPLOYER: | Limited Edition Glass Inc. |

| ORIGINAL AMOUNT OWED | | ENTER VALUES | | PAYMENT PLAN SUMMARY | | |
|---|---|---|---|---|---|---|
| Contributions | $ 46,353.44 | Loan amount | $ 31,928.67 | Scheduled payment | $ | 5,399.32 |
| Interest | $ 639.22 | Interest rate | 5.00% | Scheduled number of payments | | 6 |
| Liquidated Damages | $ 2,386.92 | Loan term in years | 0.5000 | Actual number of payments | | 6 |
| Payments | $ (16,563.99) | Payments made per year | 12 | Years saved off original loan term | | 0 |
| Attorney's Fees | $ 1,500.00 | Loan repayment start date | 4/1/2022 | Total early payments | $ | - |
| Court Costs | $ - | | | Total interest | $ | 467.24 |
| COJ TOTAL: | $ 34,315.59 | Optional extra payments | $0.00 | | | |
| Down Payment | $ - | | | | | |
| Cond'l LD Waiver | $ (2,386.92) | | | | | |
| Total for Payment Plan | $ 31,928.67 | | | | | |

| PMT NO | PAYMENT DATE | BEGINNING BALANCE | EXTRA PAYMENT | TOTAL PAYMENT | PRINCIPAL | INTEREST | ENDING BALANCE | CUMULATIVE INTEREST |
|---|---|---|---|---|---|---|---|---|
| 1 | 4/1/2022 | $31,928.67 | $0.00 | $5,399.32 | $5,266.28 | $133.04 | $26,662.39 | $133.04 |
| 2 | 5/1/2022 | $26,662.39 | $0.00 | $5,399.32 | $5,288.23 | $111.09 | $21,374.16 | $244.13 |
| 3 | 6/1/2022 | $21,374.16 | $0.00 | $5,399.32 | $5,310.26 | $89.06 | $16,063.90 | $333.19 |
| 4 | 7/1/2022 | $16,063.90 | $0.00 | $5,399.32 | $5,332.39 | $66.93 | $10,731.52 | $400.12 |
| 5 | 8/1/2022 | $10,731.52 | $0.00 | $5,399.32 | $5,354.60 | $44.71 | $5,376.91 | $444.84 |
| 6 | 9/1/2022 | $5,376.91 | $0.00 | $5,376.91 | $5,354.51 | $22.40 | $0.00 | $467.24 |

**CALIFORNIA ALL-PURPOSE ACKNOWLEDGMENT**                    CIVIL CODE § 1189

┌─────────────────────────────────────────────────────────────────────┐
│ A notary public or other officer completing this certificate verifies only the identity of the individual who signed the │
│ document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document. │
└─────────────────────────────────────────────────────────────────────┘

State of California                              )

County of Riverside _____             )

On _March 11, 2022_ before me, Isac J. Pacheco, Notary Public _____,
    _Date_                    *Here Insert Name and Title of the Officer*

personally appeared _DARRIN CRAWE, BRYAN Scott_ _____
                                  *Name(s) of Signer(s)*

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are
subscribed to the within instrument and acknowledged to me that he/she/they executed the same in
his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s),
or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws
of the State of California that the foregoing paragraph
is true and correct.

WITNESS my hand and official seal.

[Notary Seal: ISAC J. PACHECO, COMM. #2336439, NOTARY PUBLIC CALIFORNIA, RIVERSIDE COUNTY, My Comm. Expires OCTOBER 27, 2024]

Signature _Isacf Pacheco_ _____
                              *Signature of Notary Public*

*Place Notary Seal Above*

──────────────────── **OPTIONAL** ────────────────────

*Though this section is optional, completing this information can deter alteration of the document or
fraudulent reattachment of this form to an unintended document.*

**Description of Attached Document**
Title or Type of Document: _____
Document Date: _____ Number of Pages: _____
Signer(s) Other Than Named Above: _____

**Capacity(ies) Claimed by Signer(s)**

| Signer's Name: _____ | Signer's Name: _____ |
| ☐ Corporate Officer — Title(s): _____ | ☐ Corporate Officer — Title(s): _____ |
| ☐ Partner — ☐ Limited ☐ General | ☐ Partner — ☐ Limited ☐ General |
| ☐ Individual ☐ Attorney in Fact | ☐ Individual ☐ Attorney in Fact |
| ☐ Trustee ☐ Guardian or Conservator | ☐ Trustee ☐ Guardian or Conservator |
| ☐ Other: _____ | ☐ Other: _____ |
| Signer Is Representing: _____ | Signer Is Representing: _____ |

©2015 National Notary Association • www.NationalNotary.org • 1-800-US NOTARY (1-800-876-6827)   Item #5907



FILED _____ RECEIVED
_____ ENTERED _____ SERVED ON
COUNSEL/PARTIES OF RECORD

AUG 25 2022

CLERK US DISTRICT COURT
DISTRICT OF NEVADA

BY: _____ DEPUTY

1 | **CHRISTENSEN JAMES & MARTIN**
Wesley J. Smith, Esq. (11871)
2 | Dylan J. Lawter, Esq. (15947)
7440 W. Sahara Avenue
3 | Las Vegas, Nevada 89117
Telephone: (702) 255-1718
4 | Facsimile: (702) 255-0871
Email: wes@cjmlv.com, djl@cjmlv.com
5 | *Attorneys for Plaintiff Board of Trustees of the*
*Southern Nevada Glaziers and Fabricators*
6 | *Pension Trust Fund*

7 | **UNITED STATES DISTRICT COURT**

8 | **DISTRICT OF NEVADA**

9 | BOARD OF TRUSTEES OF THE          CASE NO.: 2:22-cv-01391-CDS-VCF
SOUTHERN NEVADA GLAZIERS AND
10 | FABRICATORS PENSION TRUST FUND,

11 | Plaintiff,          **JUDGMENT BY CONFESSION**

12 | vs.

13 | LIMITED EDITION GLASS INC., a          **2:22-ms-00045**
California corporation; RICHARD BRYAN
14 | SCOTT, an individual,

15 | Defendants.

16 |

17 | Pursuant to the express Stipulation and Consent for Entry of Judgment by Confession

18 | ("Stipulation"), it is hereby ORDERED, ADJUDGED AND DECREED that:

19 | 1. This Court has jurisdiction to enter the Stipulation and this Judgment pursuant to

20 | Section 502(e)(1) of the Employee Retirement Income Security Act of 1974, as amended

21 | ("ERISA"), 29 U.S.C. § 1132(e)(1), which grants the United States District Court exclusive

22 | jurisdiction over civil actions brought by a fiduciary pursuant to Section 502(a)(3) of ERISA, 29

23 | U.S.C. § 1132(a)(3), to redress violations or enforce the terms of ERISA or an employee

24 | benefit plan governed by ERISA. Such jurisdiction exists without respect to the amount in

25 | controversy or the citizenship of the parties, as provided in Section 502(f) of ERISA, 29 U.S.C.

26 | § 1132(f).

27 |

28 |

*(left margin, vertical):* **CHRISTENSEN JAMES & MARTIN** 7440 WEST SAHARA AVE., LAS VEGAS, NEVADA 89117 PH: (702) 255-1718 § FAX: (702) 255-0871

2.      Venue is proper in this Court pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), in that this is the district in which the Plaintiff is administered.

3.      The Plaintiff Board of Trustees of the Southern Nevada Glaziers and Fabricators Pension Trust Fund (hereinafter "Plaintiff" or "Trust Fund") shall take Judgment by Confession ("Judgment"), jointly and severally, against Defendants Limited Edition Glass Inc. ("LEG") and Richard Bryan Scott ("Scott") (LEG and Scott collectively referred to herein as "Defendants"), for the sum of Thirty-Four Thousand Three Hundred Fifteen and 59/100 Dollars ($34,315.59) ("Judgment Amount"), which sum includes unpaid contributions, pre-judgment interest, liquidated damages, audit costs, court costs and attorney's fees.   Interest shall accrue on the Judgment amount at the rate of five percent (5%) per annum.

4.      The Judgment Amount shall be paid to Plaintiff as a third-party beneficiary under the terms of a certain written collective bargaining agreement ("Labor Agreement") between LEG and IUPAT District Council 36, Glaziers Union Local No. 636 ("Union"). This Judgment includes settlement of all known claims by Plaintiff for fringe benefit contributions, interest, liquidated damages, and attorney's fees for work performed during the period February 1, 2021 through November 30, 2021 ("Delinquency Period").

5.      This Judgment is not intended to, and it does not, resolve, address or secure claims that are as yet unknown to the Trust, including any claims that may later be revealed by Audit.  The Trust's audit rights are reserved.

6.      The Judgment Amount shall be reduced by any Settlement Payments described in the Stipulation that were made by the Defendants and received by the Plaintiff.

7.      The Judgment Amount shall be increased by: (i) all interest accrued on the Judgment Amount from February 28, 2022, through the date of entry of the Judgment at the rate of five percent (5%) per annum, (ii) any unpaid Late Fee related to Default and Notice, as set forth in the Stipulation, and (iii) all reasonable attorney's fees and costs incurred by the Plaintiffs to collect the Judgment Amount.

CHRISTENSEN JAMES & MARTIN
7440 WEST SAHARA AVE., LAS VEGAS, NEVADA 89117
PH: (702) 255-1718 § FAX: (702) 255-0871

-9-

8.     Interest shall continue to accrue on the Judgment Amount at the rate of five percent (5%) per annum from the date of entry until paid in full.

DATED and done this 30th day of August , 2022 .

_____
UNITED STATES DISTRICT COURT JUDGE

Approved as to Form and Content:

CHRISTENSEN JAMES & MARTIN

By: _____
Dylan J. Lawter, Esq.
*Attorneys for Plaintiff*

Date: APRIL 4 , 2022.

LIMITED EDITION GLASS INC.

By: Darrin Craner

Its: Owner

Date: 3.11 , 2022.

RICHARD BRYAN SCOTT

By: _____

Date: 3/11 , 2022.

Submitted by:

CHRISTENSEN JAMES & MARTIN

By: */s/ Dylan J. Lawter*
Dylan J. Lawter, Esq.
*Attorneys for Plaintiff Board of Trustees of*
*the Southern Nevada Glaziers and*
*Fabricators Pension Trust Fund*

CHRISTENSEN JAMES & MARTIN
7440 WEST SAHARA AVE., LAS VEGAS, NEVADA 89117
PH: (702) 255-1718 § FAX: (702) 255-0871

-10-

**CALIFORNIA ALL-PURPOSE ACKNOWLEDGMENT**          CIVIL CODE § 1189

> A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California                             )
County of Riverside _____            )

On _March 11, 2022_ before me, _Isac J. Pacheco, Notary Public_ ,
    *Date*                      *Here Insert Name and Title of the Officer*
personally appeared _Darren Carver, Bryan Scott_
                                        *Name(s) of Signer(s)*

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _Isac J. Pach_
                     *Signature of Notary Public*

*(Notary seal: ISAC J. PACHECO, COMM. #2336439, NOTARY PUBLIC CALIFORNIA, RIVERSIDE COUNTY, My Comm. Expires OCTOBER 27, 2024)*

        *Place Notary Seal Above*
————————————————— **OPTIONAL** —————————————————
*Though this section is optional, completing this information can deter alteration of the document or fraudulent reattachment of this form to an unintended document.*

**Description of Attached Document**
Title or Type of Document: _____
Document Date: _____    Number of Pages: _____
Signer(s) Other Than Named Above: _____

**Capacity(ies) Claimed by Signer(s)**

| | |
|---|---|
| Signer's Name: _____ | Signer's Name: _____ |
| ☐ Corporate Officer — Title(s): _____ | ☐ Corporate Officer — Title(s): _____ |
| ☐ Partner — ☐ Limited  ☐ General | ☐ Partner — ☐ Limited  ☐ General |
| ☐ Individual      ☐ Attorney in Fact | ☐ Individual      ☐ Attorney in Fact |
| ☐ Trustee      ☐ Guardian or Conservator | ☐ Trustee      ☐ Guardian or Conservator |
| ☐ Other: _____ | ☐ Other: _____ |
| Signer Is Representing: _____ | Signer Is Representing: _____ |

©2015 National Notary Association • www.NationalNotary.org • 1-800-US NOTARY (1-800-876-6827)    Item #5907

CHRISTENSEN JAMES & MARTIN
7440 WEST SAHARA AVE., LAS VEGAS, NEVADA 89117
PH: (702) 255-1718 § FAX: (702) 255-0871

## OATH AND VERIFICATION

STATE OF _California_
COUNTY OF _Riverside_ }ss.

_Darin Craner_, as _Owner_ of Limited Edition Glass Inc., being first duly sworn upon oath, now verifies and declares that:

    1.    Entry of this Judgment by Confession, according to its provisions, is duly authorized; and

    2.    The monies due and owing and the basis for said Judgment are accurately set forth in the Stipulation and this Judgment.

    Further affiant sayeth naught.

as _Owner_ of Limited Edition Glass Inc.

Subscribed and Sworn before me
this __11__ day of __March__, 2022.

_____
Notary Public

ISAC J. PACHECO
COMM. #2336439
NOTARY PUBLIC CALIFORNIA
RIVERSIDE COUNTY
My Comm. Expires OCTOBER 27, 2024

## OATH AND VERIFICATION

STATE OF _California_
COUNTY OF _Riverside_ }ss.

    RICHARD BRYAN SCOTT, individually, being first duly sworn upon oath, now verifies and declares that:

    1.    Entry of this Judgment by Confession, according to its provisions, is duly authorized; and

    2.    The monies due and owing and the basis for said Judgment are accurately set forth in the Stipulation and this Judgment.

    Further affiant sayeth naught.

RICHARD BRYAN SCOTT

Subscribed and Sworn before me
this __11__ day of __March__, 2022.

_____
Notary Public

ISAC J. PACHECO
COMM. #2336439
NOTARY PUBLIC CALIFORNIA
RIVERSIDE COUNTY
My Comm. Expires OCTOBER 27, 2024

# CALIFORNIA JURAT

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document, to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

STATE OF CALIFORNIA                     }

COUNTY OF _Riverside_                 }

Subscribed and sworn to (or affirmed) before me on this _11_ day of _MARCH_, _2022_

                                  Date                    Month         Year

by _DARRIN CRAWEL, BRYAN SCOTT_

                                  *Name of Signers*

proved to me on the basis of satisfactory evidence to be the person(s) who appeared before me.

Signature: _____
        *Signature of Notary Public*

> **ISAC J. PACHECO**
> COMM. #2336439
> NOTARY PUBLIC CALIFORNIA
> RIVERSIDE COUNTY
> My Comm. Expires OCTOBER 17, 2024

**Seal**
**Place Notary Seal Above**

--------------------------------- **OPTIONAL** ---------------------------------

*Though this section is optional, completing this information can deter alteration of the document or fraudulent attachment of this form to an unintended document.*

**Description of Attached Document**
Title or Type of Document:_____

Document Date:_____

Number of Pages:_____

Signer(s) Other Than Named Above:_____

**CHRISTENSEN JAMES & MARTIN**
Wesley J. Smith, Esq. (11871)
Dylan J. Lawter, Esq. (15947)
7440 W. Sahara Avenue
Las Vegas, Nevada 89117
Telephone: (702) 255-1718
Facsimile: (702) 255-0871
Email: wes@cjmlv.com, djl@cjmlv.com
*Attorneys for Plaintiff Board of Trustees of the*
*Southern Nevada Glaziers and Fabricators*
*Pension Trust Fund*

FILED _____ RECEIVED
ENTERED _____ SERVED ON
COUNSEL/PARTIES OF RECORD

AUG 2 5 2022

CLERK US DISTRICT COURT
DISTRICT OF NEVADA

BY: _____ DEPUTY

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

BOARD OF TRUSTEES OF THE
SOUTHERN NEVADA GLAZIERS AND
FABRICATORS PENSION TRUST FUND,

               Plaintiff,

vs.

LIMITED EDITION GLASS INC., a
California corporation; RICHARD BRYAN
SCOTT, an individual,

               Defendants.

CASE NO.: 2:22cv-01391-CDS-VCF

2:22-ms-00045

## DECLARATION OF DYLAN J. LAWTER, ESQ.

STATE OF NEVADA     )
                        ) ss.
COUNTY OF CLARK    )

     Dylan J. Lawter, Esq., being first duly sworn and under penalty of perjury of the laws of

the United States of America and the State of Nevada, now deposes and says:

     1.     I am at least 18 years of age and of sound mind.

     2.     I personally prepared this Declaration, and I have personal knowledge of the

factual and procedural matters set forth herein. I am competent to testify to the same and would

so testify if called upon as a witness.

CHRISTENSEN JAMES & MARTIN
7440 WEST SAHARA AVE., LAS VEGAS, NEVADA 89117
PH: (702) 255-1718 § FAX: (702) 255-0871

3.     I am an attorney licensed to practice before all state and federal courts of the State of Nevada.

4.     I am employed by Christensen James & Martin, Chtd., counsel for the Board of Trustees of the Southern Nevada Glaziers and Fabricators Pension Trust Fund ("Plaintiff").

5.     I make this Declaration in support of filing the Stipulation and Consent for Entry of Judgment by Confession ("Stipulation") and entry of the Judgment by Confession ("Judgment"), both of which are filed concurrently herewith and signed by the Defendants. I personally negotiated and prepared the Stipulation and Judgment, and I am familiar with their terms. Defined terms used in this Declaration shall have the same meaning as the Stipulation and Judgment.

6.     As set forth in Paragraph 1 of the Stipulation, Defendant LEG is party to a Labor Agreement with IUPAT District Council 36, Glaziers Union Local No. 636, under which LEG owed the Plaintiff delinquent fringe benefit contributions, interest, liquidated damages, and attorney's fees for covered work performed during the period of February 1, 2021 through November 30, 2021.

7.     Pursuant to Paragraphs 2 and 3 of the Stipulation, Defendants agreed to entry of Judgment in favor of the Plaintiff and against Defendants in the amount of $34,315.59, plus accruing interest, late fees, and attorney's fees and costs, with interest to accrue on the Judgment at five percent (5%) per annum.

8.     Pursuant to Paragraph 7, Defendants could satisfy the Judgment through six monthly Settlement Payments commencing on April 1, 2022, and due on the 1st day of the month thereafter, Payments One through Five in the amount of $5,399.32 each, and Payment Six in the amount of $5,376.91.

9.     Pursuant to Paragraph 9 of the Stipulation, Defendants also agreed to a Stay Current Obligation, meaning that Defendants were required to timely submit reports and pay all contributions that fall due and owing to the Plaintiff pursuant to the provisions of any labor

CHRISTENSEN JAMES & MARTIN
7440 WEST SAHARA AVE., LAS VEGAS, NEVADA 89117
PH: (702) 255-1718 § FAX: (702) 255-0871

agreements to which Defendants may be bound that requires the payment of contributions to the Plaintiff for covered labor performed by Defendants' employees while any portion of the Judgment Amount remains unpaid. Failure to adhere to the Stay Current Obligation constitutes a Default under the terms of the Stipulation.

10.     As an incentive to timely remit the Settlement Payments and Stay Current Obligation, Plaintiff agreed to a Conditional Waiver of $2,386.92, conditioned on timely payment of the Settlement Payments and Stay Current Obligation.

11.     Following the Defendants' execution of the Stipulation and Judgment, Defendants defaulted by failing to timely remit the monthly settlement payments required by Paragraph 7, as summarized on the payment accounting chart attached hereto as Exhibit 1. Additionally, Defendants failed to remit reports and contributions to the Plaintiff for covered work performed in May and June 2022, which are additional events of default under Paragraph 9 of the Stipulation.  Plaintiff was required to mail Notices of Default in June, July, and August 2022 and Late Fees were added to the amounts owed pursuant to Paragraph 11 of the Stipulation.

12.     The final such Notice of Default was sent on August 2, 2022 and is attached hereto as Exhibit 2. Pursuant to that Notice of Default, Defendants had ten days to remit Settlement Payment Five in the amount of $5,399.32, plus a $150 Late Fee pursuant to Paragraph 11 of the Stipulation, and submit remittance reports and contributions for covered work performed in June 2022. Defendants did not cure the Default within ten days as required by Paragraph 11, thus entry of the Judgment is proper pursuant to the terms of the Stipulation.

13.     On August 18, 2022, 6 days after the cure period ended, Defendants remitted Payment Five in the amount of $5,818.74. As of the date of this Declaration, Defendant has still not remitted the report and payment for June 2022 contributions[1] and remains in Default.

---

[1] The exact amount owed for June 2022 is currently unknown because Defendants have failed to report covered hours to the Plaintiffs. For the work months of December 2021 to May 2022,

14.   Pursuant to Paragraph 11, upon Default and failure to cure, the Conditional Waiver was revoked (see Paragraph 11(a)) and the following amounts immediately became due and owing to the Plaintiff by Defendants: (i) the Judgment Amount, which includes the Conditional Waiver, less any Settlement Payments made by the Defendants or any other party and received by the Plaintiffs; (ii) all interest accrued on the Judgment Amount from the date of execution of this Stipulation through the date of default at the rate of five percent (5%) per annum, which shall be added to the Judgment Amount; and (iii) all reasonable attorney's fees and costs incurred by the Plaintiff to collect the amounts owed under this Stipulation and Judgment, including any Late Fee, which shall be added to the Judgment Amount (see Paragraph 11(b)).

15.   Therefore, pursuant to those provisions, the following amounts are due and owing:

    a.   Judgment Amount ........................................................... $34,315.59

    b.   Interest Accrued at 5% ....................................................... $572.72

    c.   Late Fees for Notices of Default .......................................... $450.00

    d.   Attorney's Fees and Costs ............................................... $3,888.25[2]

    e.   Less Payments ........................................................... ($27,566.02)

    **Total Judgment Debt........................................................ $11,660.54**

16.   Pursuant to Paragraph 11(b) of the Stipulation, upon Default and failure to cure, the Plaintiff has the unconditional and immediate right to file the Stipulation and the Judgment

---

Defendants have owed an average of $6,231.85 in contributions to the Plaintiff. The Plaintiff estimates the amount for Defendants' June 2022 contributions, once hours are reports, will be similar to this figure.

[2] In accordance with Paragraphs 11(b) and (c) of the Stipulation, attorney's fees and costs have accrued in the amount of $4,388.25. Because Defendants have paid Late Fees, which were applied as an offset against attorney's fees and costs after failing to make timely settlement payments for three (3) consecutive months, the amount has been reduced by $450. Thus, the attorney's fees and costs that are due and owing at the time of filing this Declaration is $3,888.25.

1   with the Court and for entry of Judgment by the Court for all amounts set forth above and to

2   execute upon the Judgment for whatever amount then remains due and owing, including after-

3   accruing interest, attorney's fees and costs, without further notice to the Defendants or Order

4   from the Court.

5           17.     Therefore, the Stipulation and Judgment are filed for entry of Judgment against

6   Defendants in the total amount of **$11,660.54**.

7

8   DATED this 24th day of August, 2022.

9

10                             /s/  Dylan J. Lawter

11                             Dylan J. Lawter, Esq.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CHRISTENSEN JAMES & MARTIN
7440 WEST SAHARA AVE., LAS VEGAS, NEVADA 89117
PH: (702) 255-1718 § FAX: (702) 255-0871

# EXHIBIT 1

**So. NV Glaziers & Fabricators Pension Trust adv. Limited Edition Glass Inc.**

*Confession of Judgment Payment Tracking*

*Prepared 8/23/2022*

| Pymt # | Check # | Payment Due Date | Actual Payment Date (PMD*) | Interest Start Date | Interest End Date | Interest Days | Beginning Balance | Payment Amount | Settlement Interest (5% per annum) | Notice of Default Fee | Ending Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | 1125 | 04/01/2022 | 04/01/2022 | 02/28/2022 | 04/01/2022 | 32 | $ 34,315.59 | $ 5,399.32 | $ 150.42 | $ - | $ 29,066.69 |
| 2 | 1822 | 05/01/2022 | 05/04/2022 | 04/01/2022 | 05/04/2022 | 33 | $ 29,066.69 | $ 5,399.32 | $ 131.40 | $ - | $ 23,798.77 |
| 3 | 1149 | 06/01/2022 | 06/13/2022 | 05/04/2022 | 06/13/2022 | 40 | $ 23,798.77 | $ 5,549.32 | $ 130.40 | $ 150.00 | $ 18,529.86 |
| 4 | 1161 | 07/01/2022 | 07/18/2022 | 06/13/2022 | 07/18/2022 | 35 | $ 18,529.86 | $ 5,399.32 | $ 88.84 | $ 150.00 | $ 13,369.38 |
| 5 | 1164 | 08/01/2022 | 08/18/2022 | 07/18/2022 | 08/18/2022 | 31 | $ 13,369.38 | $ 5,818.74 | $ 56.77 | $ 150.00 | $ 7,757.41 |
| 6 | N/A | N/A | N/A | 08/18/2022 | 09/01/2022 | 14 | $ 7,757.41 | $ - | $ 14.88 | $ - | $ 7,772.29 |
| | | | | | | | TOTALS | $ 27,566.02 | $ 572.72 | $ 450.00 | |

# EXHIBIT 2



KEVIN B. CHRISTENSEN
EVAN L. JAMES ◦†
DARYL E. MARTIN
WESLEY J. SMITH ◦†

LAURA J. WOLFF ◦
KEVIN B. ARCHIBALD
DYLAN J. LAWTER

◦ Also Licensed in Utah
† Also Licensed in Washington

CHRISTENSEN JAMES & MARTIN CHTD.
A T T O R N E Y S   A T   L A W

7440 W. SAHARA AVENUE
LAS VEGAS, NEVADA 89117
TEL 702 255 1718
FAX 702 255 0871
www.CJMLV.com

**Writer's Email**: djl@cjmlv.com

## NOTICE OF DEFAULT

**Via U.S. Mail and Email**

August 2, 2022

Limited Edition Glass Inc.
Attn: Richard Bryan Scott
42066 Avenida Alvarado, Suite M
Temecula, CA 92590
Email: bscott@le-glass.com

Re:  *Southern Nevada Glaziers and Fabricators Pension Trust Fund adv. Limited Edition Glass Inc.* and Richard Bryan Scott – NOTICE OF DEFAULT; August 2022 Settlement Installment Payment plus Late Fees; May 2022 and June 2022 Delinquencies; Total Amount Owed: **$5,818.74, plus June 2022 Contributions**; Due Date: **August 12, 2022**

Dear Mr. Scott:

As you know, this office is legal counsel to the Southern Nevada Glaziers and Fabricators Pension Trust Fund ("Trust"). As you are also aware, the Trust entered into a Stipulation and Consent for Entry of Judgment by Confession ("Stipulation") and Judgment by Confession ("Judgment") with Limited Edition Glass Inc. ("LEG") and Richard Bryan Scott (collectively, the "Defendants") on March 11, 2022.

Under the terms of the Stipulation, the Defendants are required to: (i) timely remit monthly installment payments to the Trust in accordance with the terms of the Stipulation; and (ii) "timely submit monthly reports and pay all contributions that fall due to the [Trust] while any portion of the Judgment Amount remains unpaid (i.e., for hours worked by the Defendants' covered employees while the Judgment Amount is being paid)." We have been advised that the Defendants failed to (i) remit the monthly installment payment in the sum of $5,399.32 due on or before August 1, 2022 ("Fifth Installment Payment"); and (ii) submit the June 2022 monthly report and contributions ("June 2022 Report and Contributions"). The Defendants' failures constitute "Defaults" under the terms of the Stipulation. Consequently, this letter represents a Notice of Default ("Notice"), according to Paragraph 11 of the Stipulation, and results in an automatic late fee and collection charge of $150.00 ("Fifth Installment Payment Late Fee").

We have also been advised that the Defendants have (i) failed to pay the $150.00 Late Fee



due after a notice of default was sent for their failure to timely remit the Fourth Installment Payment, which was due by July 1, 2022 ("Fourth Installment Payment Late Fee"); and (ii) failed to timely submit the May 2022 monthly report and contributions. As a result of Defendants' failure to timely submit the May 2022 Contributions, interest and liquidated damages have been assessed in the total sum of $119.42 ("May 2022 Interest and Liquidated Damages"). Enclosed please find an Interest and Liquidated Damages Notice for additional information regarding the May 2022 Interest and Liquidated Damages.

The Defendants have ten (10) days from the date of this Notice, or by **August 12, 2022**, to cure the Defaults and other delinquencies by remitting (i) the Fifth Installment Payment in the sum of $5,399.32; (ii) the Fourth Installment Payment Late Fee in the sum of $150.00; (iii) the Fifth Installment Payment Late Fee in the sum of $150.00; (iv) the May 2022 Interest and Liquidated Damages in the sum of $119.42; and (v) the June 2022 Report and Contributions. Please note that additional interest and liquidated damages will be assessed upon the Trusts' receipt of the payment of the June 2022 Contributions.

Should the Defendants fail to timely cure either of the Defaults, or fail to submit the other items listed above, the Trust shall have the unconditional and immediate right to file the Stipulation and the Judgment with the United States District Court for whatever amount then remains due and owing, including the reinstated liquidated damages, after-accruing interest, attorney's fees, and costs, without further notice to the Defendants. The Trust shall also be entitled to pursue any surety bonds for whatever amount then remains due and owing. *See* Stipulation, Paragraph 11.

We look forward to your prompt resolution of this matter. If you have any questions, please contact me.

Sincerely,

Dylan J. Lawter, Esq.


Enclosure:      May 2022 Interest and Liquidated Damages Notice

cc:      Bryce Butler (via email: bbutler@le-glass.com)
         Terry Mayfield
         Robert Williams
         Steve Bigelow
         Rachel Mora
         Jenice Gonzalez
         Kevin B. Christensen, Esq.
         Wesley J. Smith, Esq.
         Kevin B. Archibald, Esq.

2

*Emailed to legal 8/2/22*



**IUPAT District Council 16 Trust Funds**
P.O. Box 400608
Las Vegas, NV 89140
(702) 415-2191

www.snviupatbenefits.org

LIMITED EDITION GLASS, INC
42066 AVENIDA ALVARADO SUITE M
TEMECULA, CA 92590

| | |
|---|---|
| Run Date : | 08/01/2022 |
| Employer #: | K4206 |
| CBA: | CA |
| Description: | |

# INTEREST AND LIQUIDATED DAMAGES NOTICE

Dear Employer:

We received your Report and Contributions for the work month of MAY 2022 in the amount of $6,433.77 after the due date specified in your CBA, and therefore, Interest and Liquidated Damages are due and payable.

| Fund | Contributions | LD | Interest | Amount Due |
|------|--------------|-----|---------|-----------|
| SOUTHERN NEVADA GLAZIERS AND | $6,433.77 | $96.51 | $22.91 | $119.42 |
| | | Total Amount Due: | | $119.42 |

Pursuant to the Collection Policy, any Trust Fund Report and/or Contribution payment received after the CBA due date is considered delinquent and requires you to pay the Trust Fund any related Interest and Liquidated Damages.

Please immediately send this office your payment of the sum indicated above. Should your full payment not be received by this office within 10 days of the date of this letter, this matter may be referred to the Trust's attorney for further action.

Sincerely,

Contributions Department
Benefit Office

JS 44 (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

**FILED — RECEIVED**
**ENTERED — SERVED ON**
**COUNSEL/PARTIES OF RECORD**

**AUG 2 5 2022**

**CLERK US DISTRICT COURT**
**DISTRICT OF NEVADA**

## I. (a) PLAINTIFFS

Board of Trustees of the Southern Nevada Glaziers and Fabricators Pension Trust Fund

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Christensen James & Martin, Chtd. (702) 255-1718
7440 W Sahara Ave., Las Vegas, NV 89117

## DEFENDANTS

Limited Edition Glass, Inc. a Nevada corporation

County of Residence of First Listed Defendant _____

**2:22-ms-00045**

**2:22-cv-01391-CDS-VCF**

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1  U.S. Government Plaintiff
- [x] 3  Federal Question *(U.S. Government Not a Party)*
- [ ] 2  U.S. Government Defendant
- [ ] 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 367 Health Care/ | | **INTELLECTUAL PROPERTY RIGHTS** | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | Pharmaceutical Personal Injury | | [ ] 820 Copyrights | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | Product Liability | | [ ] 830 Patent | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 340 Marine | [ ] 368 Asbestos Personal Injury Product Liability | | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability | **PERSONAL PROPERTY** | | [ ] 840 Trademark | [ ] 460 Deportation |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 370 Other Fraud | **LABOR** | [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 371 Truth in Lending | [ ] 710 Fair Labor Standards Act | **SOCIAL SECURITY** | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | [ ] 380 Other Personal Property Damage | [ ] 720 Labor/Management Relations | [ ] 861 HIA (1395ff) | [ ] 485 Telephone Consumer Protection Act |
| [ ] 195 Contract Product Liability | [ ] 362 Personal Injury - Medical Malpractice | [ ] 385 Property Damage Product Liability | [ ] 740 Railway Labor Act | [ ] 862 Black Lung (923) | [ ] 490 Cable/Sat TV |
| [ ] 196 Franchise | | | [ ] 751 Family and Medical Leave Act | [ ] 863 DIWC/DIWW (405(g)) | [ ] 850 Securities/Commodities/ Exchange |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 790 Other Labor Litigation | [ ] 864 SSID Title XVI | [ ] 890 Other Statutory Actions |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights | **Habeas Corpus:** | [x] 791 Employee Retirement Income Security Act | [ ] 865 RSI (405(g)) | [ ] 891 Agricultural Acts |
| [ ] 220 Foreclosure | [ ] 441 Voting | [ ] 463 Alien Detainee | | **FEDERAL TAX SUITS** | [ ] 893 Environmental Matters |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment | [ ] 510 Motions to Vacate Sentence | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 895 Freedom of Information Act |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations | [ ] 530 General | | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 896 Arbitration |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 535 Death Penalty | **IMMIGRATION** | | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other | **Other:** | [ ] 462 Naturalization Application | | [ ] 950 Constitutionality of State Statutes |
| | [ ] 448 Education | [ ] 540 Mandamus & Other | [ ] 465 Other Immigration Actions | | |
| | | [ ] 550 Civil Rights | | | |
| | | [ ] 555 Prison Condition | | | |
| | | [ ] 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1  Original Proceeding
- [ ] 2  Removed from State Court
- [ ] 3  Remanded from Appellate Court
- [ ] 4  Reinstated or Reopened
- [ ] 5  Transferred from Another District *(specify)*
- [ ] 6  Multidistrict Litigation - Transfer
- [ ] 8  Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
29 USC 1132 & 1145

Brief description of cause:
Collection of Employee Benefit Contributions - ERISA

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND: [ ] Yes  [x] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*

JUDGE _____   DOCKET NUMBER _____

DATE
Aug 24, 2022

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____